UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re BUCA, INC. SECURITIES LITIGATION | Civil Action No. 05-1762 DWF/AJB |

**Plaintiffs' Memorandum In Support of Preliminary Approval of Proposed Settlement**

Counsel for the Lead Plaintiffs has negotiated a proposed settlement of this matter with counsel for all of the Defendants. Pursuant to the proposed settlement, which is subject to the Court's approval, the Defendants have agreed to cause their insurers to pay $1,600,000 for the benefit of the Class. The terms of the proposed settlement are embodied in a March 20, 2008 Stipulation of Settlement and its exhibits (the "Stipulation") which has been signed by all parties and which accompanies this Memorandum of Law. *See* Attachment 1. The definitions contained in the Stipulation are incorporated herein.

The parties now respectfully and jointly move the Court for a Preliminary Approval Order that would (i) grant preliminary approval to the proposed settlement as detailed in the Stipulation; (ii) conditionally certify the proposed Class for purposes of settlement; (iii) approve the form and manner of giving notice of the proposed settlement to the proposed Class; (iv) approve the proposed Notice Letter to Federal Officials and State Officials; and (iv) set a schedule for the dissemination of notice to the Class, the Settlement Hearing and related matters.

This Memorandum of Law explains why Lead Plaintiffs believe that the Court should approve the Preliminary Approval Order. Lead Plaintiffs understand that the

Defendants will file a separate Memorandum of Law in support of the joint motion for approval of the Preliminary Approval Order.

I.      **Background**

Three class action lawsuits were commenced in this Court against BUCA and three of its former officers in August and September 2005. On November 3, 2005 the Court consolidated these actions into Civil Action No. 05-1762 DWF/AJB, under the caption "In re BUCA, Inc. Securities Litigation," and the Court appointed Lead Plaintiffs and Class Counsel. The Lead Plaintiffs thereafter served and filed successive versions of a Consolidated Complaint, the most recent being the Second Amended Consolidated Complaint filed on December 18, 2006. The successive versions of the Consolidated Complaint alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. Defendants moved to dismiss the successive versions of the Consolidated Complaint, and their motions were granted by a Memorandum Opinion and Order filed on October 16, 2006, and by a Memorandum Opinion and Order filed on August 30, 2007. The Court entered final judgment in favor of the Defendants on August 31, 2007.

The Lead Plaintiffs timely filed an appeal to the United States Court of Appeals for the Eighth Circuit. While that appeal was pending, and after Plaintiffs filed their initial appellate brief, the parties reached an agreement in principle as to terms for settling the action on a class-wide basis. At the request of the parties, the Eighth Circuit several times granted stays of the proceeding before it to enable the parties to finalize their agreement.

On March 20, 2008, the parties formalized their earlier agreement in principle by entering into the Stipulation. On March 25, the Eighth Circuit granted a joint motion by the parties which provided that "this action be conditionally remanded to the District Court for the limited purpose of allowing the District Court to consider the settlement set forth in the Stipulation of Settlement dated as of March 20, 2008, and to conduct such proceedings and enter such orders as the District Court deems necessary in accordance with the requirements of Fed. R. Civ. P. 23." The circuit court's order was sent to this Court on April 25, 2008 and was received on the same day.

## II.     The Preliminary Approval Process

Federal Rule of Civil Procedure 23(e) provides that:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval.

The purpose of preliminary approval of a proposed class settlement is to determine whether it falls within the range of possible final approval, justifying the effort and expense of notice to the class. If the court so determines, then class members are notified and given an opportunity to submit any objections they may have. The court then considers any objections and determines whether it is appropriate to grant final approval of the settlement. Fed. R. Civ. P. 23(e); *see also, e.g.*, *In re Prudential Sec. Inc. Ltd. P'ship Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995); *White v. National Football League*, 836 F. Supp. 1458, 1468 (D. Minn. 1993), *aff'd*, 41 F.3d 402 (8th Cir. 1994); *Employee Benefits Plan Sec. Litig.*, 1993 WL 330595, at * 2 (D. Minn. 1993); *Holden v. Burlington N. R.R.*, 665 F. Supp. 1398, 1402-03 (D. Minn. 1987).

Therefore, preliminarily approval is appropriate where, first, no basis exists to question the fairness of the settlement because it "is not the product of collusion between the parties," *see Thomas v. Albright*, 139 F.3d 227, 231 (D.C. Cir. 1998) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)); *see also In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 474 (S.D.N.Y. 1998) (settlement should be the "result of good faith, arm's length bargaining undertaken by experienced counsel"); *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1383 (D. Md. 1983) (requirement that settlement be fair is designed to protect against collusion among parties), and second, the proposed settlement appears to fall within the range of possible approval, *i.e.,* that the settlement appears to be one that can be found, after a full and fair hearing, to be fair, adequate, and reasonable.  *See Thomas v. Albright*, 139 F.3d at 231; *see also, e.g., White v. National Football League*, 836 F. Supp. at 1468 (the court found, for purposes of preliminary approval, that the settlement fell within the range of possible approval).

Once a settlement has been preliminarily approved, notice is given to the class of the proposed settlement of the settlement and of the court's formal fairness hearing. Because preliminary approval is a provisional step that merely begins the settlement approval process, any doubts are resolved in favor of preliminary approval.  *See In re Traffic Executive Ass'n-E. R.R.*, 627 F.2d 631, 634 (2d Cir. 1980) (preliminary approval "is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness.").

**III.    The Court Should Preliminarily Approve the Proposed Settlement**

The proposed settlement is in the best interests of the Class.  The settlement is the result of intense and lengthy negotiations between parties that had substantial information

about the facts relevant to this case. Moreover, absent a settlement, Class Members may receive no compensation for their losses.

The process which led to this proposed settlement suggests that it is fair and reasonable. The agreement among the parties was reached only after more than two years of hard fought litigation and was the result of months of arm's length negotiations between counsel for the Lead Plaintiffs and counsel for the respective Defendants. The negotiations among the parties were facilitated by the active participation of retired federal judge Nicholas H. Politan, a skilled and respected mediator.

Lead Plaintiffs believe they have sufficient information to evaluate the merits of their case. Although there has been no discovery because of the automatic stay required by the Private Securities Litigation Reform Act, substantial information about the misconduct alleged in the Complaint is in the public domain. Such information includes BUCA's restatement and related SEC filings and disclosures made during the course of criminal and civil litigation against Defendants Micatrotto and Gadel. Lead Plaintiffs have taken this available information into account in making their determination that the proposed settlement is in the best interests of the Class.

One of the key factors which led Lead Plaintiffs to conclude that the proposed settlement is in the best interests of the Class is the strong possibility that, absent a settlement, Plaintiffs would take nothing. This case has already been dismissed with prejudice by the Court. Even if the Plaintiffs' pending appeal of that ruling is successful – and there is no assurance of success – on remand to this Court Plaintiffs would still be required to prove all elements of a violation of Section 10(b) of the Exchange Act. Even if the Plaintiffs were to survive the motions for summary judgment that the Defendants

would surely file, and were able to obtain a favorable jury verdict and to have that verdict upheld against any appeals, Class Members would not likely receive any payment for several years. Moreover, there is no assurance that a jury would award damages greater than those that Class Members will receive if this settlement is approved.

**IV.     The Court Should Approve the Proposed Notice to Class Members**

Rule 23(e)(1) provides that in a class action, "[t]he court must direct notice in a reasonable manner to all class members." *See also Gottlieb v. Wiles*, 11 F.3d 1004, 1013 (10th Cir. 1993) (notice must fairly apprise class members of the settlement and their options). District courts have substantial latitude to determine fair and expedient notice procedures. *See, e.g., Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999) (citing *Grunin v. Int'l House of Pancakes,*, 513 F.2d 114, 121 (8thCir. 1975)); *Gottlieb v. Wiles*, 11 F.3d at 1013  (content and form of notice are left to the court's discretion).

The proposed manner of providing notice comports with the Federal Rules and the Private Securities Litigation Reform Act and is the norm for providing notice in federal securities class action litigation. The settlement provides that the proposed Notice of Settlement Hearing will be delivered to all Class Members who can reasonably be located. To facilitate identification of the Class Members, Defendant BUCA will provide the Plaintiffs with information on persons or entities that held BUCA stock in their own name and brokers and other nominees will be required to either forward the names and addresses of persons who held BUCA shares in "street name" to the Claims Administrator or to transmit the notice to such persons. This notice procedure is supplemented by a requirement that a summary notice of the settlement be published in Investor's Business Daily, a newspaper of national circulation targeted at investors.

The content of the proposed mailed and published notices (Exhibits A-1 and A-2 to the Stipulation at Attachment 1 to this Memorandum) clearly meet applicable notice standards. The notices inform all known and reasonably identifiable Class Members of the settlement, its terms, Class Members' opportunity to file objections, and their right to appear and be heard at the hearing on final approval.

## V.    Proposed Schedule

A proposed schedule for events related to the settlement, which has been agreed to by all parties, is set forth below. Certain deadlines or dates for settlement-related events are set out in the Stipulation or its exhibits. Other deadlines or dates were not established by the parties in the settlement documents themselves and can be set as the Court thinks appropriate. The events for which the terms of the settlement do not provide a date are set forth in italic type below. For each such event, however, the parties have proposed deadlines, which are also indicated below. The parties are filing a version of the proposed Preliminary Approval Order with these suggested dates filled in (except for the Final Hearing date which will be set by the Court), and an alternative Order with these dates left in blank for the Court to fill in as it deems appropriate. *See* Attachments 2 and 3.

| Event | Time for Compliance |
|---|---|
| Plaintiffs cause to be mailed the Notice of Settlement Hearing and Proof of Claim | No later than 20 calendar days after the entry of the Preliminary Approval Order (Preliminary Approval Order ¶ 6). |
| Defendants cause to be mailed Notice Letter to Federal Officials and State Officials | No later than 20 days after entry of the Preliminary Approval Order (Preliminary Approval Order ¶ 10). |

| Event | Time for Compliance |
|---|---|
| Plaintiffs cause publication of the Summary Notice in *Investors Business Daily* | No later than 30 calendar days following the entry of the Preliminary Approval Order (Preliminary Approval Order ¶ 8). |
| Plaintiffs file Fee and Expense Petition | No later than 60 days after entry of the preliminary approval order (Stipulation ¶ F.1). |
| *Deadline for submitting Requests for Exclusion or Objections and for notice of intent to appear at the Final Hearing* | *Deadline proposed by the Parties: September 8, 2008.* *These deadlines were left blank in ¶¶ 11, 14 of the Proposed Preliminary Approval Order.* *If the Court chooses an alternative date the parties recommend that that date be not less than 30 calendar days prior to the Final Hearing.* |
| *Filing of papers in support of the settlement and the Plan of Allocation and in further support of the Fee and Expense Petition* | *Deadline proposed by the Parties: September 26, 2008.* *Although there is no specific provision for this deadline in the proposed Preliminary Approval Order, Plaintiffs will abide by this deadline unless otherwise directed by the Court.* *If the Court chooses an alternative date the parties recommend that that date be not less than seven calendar days before the date scheduled for the Final Hearing.* |
| *Final Hearing* | *Deadline proposed by the parties: on or after October 15, 2008.* *This date was left blank in ¶ 12 of the Proposed Preliminary Approval Order, but must be not less than 120 days after entry of the Preliminary Approval Order (Stipulation ¶ 12).* |
| *Deadline for submitting Proofs of Claim* | *Deadline Proposed by the parties: November 14, 2008.* *This deadline was left blank in ¶ 17 of the Proposed Preliminary Approval Order.* *If the Court chooses an alternative date the parties recommend that that date be not less than 120 days after Preliminary Approval Order.* |

The parties believe that this proposed schedule will adequately apprise Class members of the proposed settlement and their options with respect to the settlement.

## VI. Conclusion

On the basis of the foregoing, Lead Plaintiffs respectfully request that the Court grant the joint Preliminary Approval Motion. The parties are, of course, willing to answer any questions that the Court may have at an in-person or telephonic hearing on the joint Motion for Preliminary Approval if the Court deems such a hearing appropriate.

Date: May 9, 2008

Respectfully submitted,

**HEINS MILLS & OLSON, P.L.C.**

  /s/ Lori A. Johnson
Stacey L. Mills (Bar No. 226373)
Lori A. Johnson (Bar No. 0311443)
310 Clifton Avenue
Minneapolis, Minnesota  55403
Tel:  (612) 338-4605
Fax:  (612)338-4692
*Liaison Counsel for the Proposed Plaintiff
    Class*

**COHEN, MILSTEIN, HAUSFELD &
    TOLL, P.L.L.C.**
Herbert E. Milstein
Avi Samuel Garbow
Matthew B. Kaplan
1100 New York Ave. NW
Suite 500, West Tower
Washington, D.C. 20005
Tel: (202)408-4600
Fax: (202)408-4699

*Co-Lead Counsel for the Proposed Plaintiff
    Class*

**BERMAN DeVALERIO PEASE
TABACCO BURT & PUCILLO**
Michael J. Pucillo
Wendy Zoberman
Jay W. Eng
Esperanté Building, Suite 900
222 Lakeview Avenue
West Palm Beach, FL 33401
Tel: 561/835-9400
Fax:561/835-0322
E-mail: LawFla@bermanesq.com

*Co-Lead Counsel for the Proposed Plaintiff Class*