UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re BUCA, INC. SECURITIES LITIGATION

Civil Action No. 05-1762 DWF/AJB

## ORDER PRELIMINARILY APPROVING SETTLEMENT

**WHEREAS**, the parties to the above-described class action ("Action") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, fixing certain matters in connection with a proposed settlement of the Action, in accordance with a Stipulation of Settlement (the "Proposed Settlement") entered into by the parties as of March 20, 2008, which is incorporated herein by reference, and dismissing the Action upon the terms and conditions set forth in the Stipulation of Settlement;

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the parties, and after consideration of the Stipulation of Settlement and the exhibits annexed thereto,

**IT IS HEREBY ORDERED** that:

1. The Court vacates the judgment entered in this Action on August 31, 2007 pursuant to Fed. R. Civ. P. 60(b)(6) for the limited and exclusive purpose of considering: (a) whether the Proposed Settlement should be approved; (b) whether an Order For Final Judgment should be entered in substance materially the same as Exhibit B to the Stipulation of Settlement; (c) whether the Lead Plaintiffs' proposed plan of distribution of the settlement

proceeds should be approved; and (d) whether to approve the application of Class Counsel for an award of attorney fees, costs, and expenses.

2.     The representations, agreements, terms, and conditions of the parties' Proposed Settlement, as embodied in the Stipulation of Settlement and the exhibits attached thereto, are preliminarily approved pending a final hearing on the Proposed Settlement as provided herein.

3.     For purposes of the Proposed Settlement only, the Court finds and determines that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class consisting of all persons, including BUCA employees, who purchased any common stock of BUCA, Inc. ("BUCA") during the period beginning February 6, 2001 through March 11, 2005, inclusive ("Class Period"), except the defendants, John Motschenbacher, or Daniel P. Skrypek; any member of the immediate family of any individual defendant, John Motschenbacher, or Daniel P. Skrypek; any entity in which any defendant, John Motschenbacher, or Daniel P. Skrypek has a controlling interest; and any legal representative, heir, successor, predecessor in interest, or assign of any defendant, John Motschenbacher, or Daniel P. Skrypek ("Class").  Also for purposes of the Proposed Settlement only, the Court further finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that West Palm Beach Police Pension Fund, Steven Jones, Charles Booth, and Bert-Mary Brady, in her individual capacity and as the personal representative of the Estate of James Brady ("Lead Plaintiffs") and their counsel of record will fairly and adequately represent the interests of the Class in enforcing their rights in the Action.

4.     For purposes of the Proposed Settlement, the Court appoints the law firms of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. and Berman DeValerio Pease Tabacco Burt & Pucillo as Class Counsel to act on behalf of the Class and the Lead Plaintiffs with respect to the

Proposed Settlement. The Court authorizes Class Counsel to enter into the Stipulation of Settlement on behalf of the Lead Plaintiffs and the Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Proposed Settlement.

5. Having reviewed the proposed form of Notice of Proposed Settlement of Class Action and Hearing Thereon submitted by the parties as Exhibit A-l to the Stipulation of Settlement ("Notice of Settlement Hearing"), the Court hereby approves such Notice of Settlement Hearing.

6. The Court directs that the Notice of Settlement Hearing be mailed to all members of the Class ("Class Members") who can be identified through reasonable effort. The mailing is to be made by first-class United States mail, postage prepaid, within 20 days of entry of this Order.

7. Nominees for BUCA common stock owned beneficially by Class Members during the Class Period are hereby directed to either: (a) promptly forward the Notice of Settlement Hearing to the Class Members, using the United States mail or e-mail, whichever means is the authorized means of transmission from the nominee to Class Members; or (b) promptly provide the Claims Administrator, Complete Claims Solutions, LLC, with the names and addresses of Class Members who were beneficial owners of BUCA common stock. If timely requested, nominees may be reimbursed from the Settlement Fund for actual expenses incurred in complying with this directive.

8. Having reviewed the proposed form of Summary Notice on Proposed Settlement of Class Action and Hearing Thereon submitted by the parties as Exhibit A-2 to the Stipulation of Settlement ("Summary Notice"), the Court hereby approves such Summary Notice and directs

that Class Counsel shall cause such Summary Notice to be published once in <u>Investors Business Daily</u> within 30 days of entry of this Order.

9. The Court finds and determines that mailing of the Notice of Settlement Hearing, the forwarding by nominees, and publication of the Summary Notice, constitute the best notice to the Class practicable under the circumstances, constitute due and sufficient notice of the matters set forth in said Notices to all persons entitled to receive notice, and fully satisfy the requirements of due process, of 15 U.S.C. §78u-4(a)(7), and of Rule 23 of the Federal Rules of Civil Procedure.

10. Having reviewed the proposed form of Notice Letter to Federal Officials and State Officials submitted by the parties as Exhibit A-3 to the Stipulation of Settlement ("Notice Letter"), the Court hereby approves such Notice Letter and directs that counsel for the Settling Defendants shall cause such Notice Letter and its enclosures to be served by first-class United States mail, postage prepaid, upon the appropriate federal officials and state officials described in 28 U.S.C. §1715(a) within 10 days of the date of entry of this Order.

11. Any Class Member who desires to request exclusion from the Class must submit written request for exclusion in the form and manner required by the Notice of Settlement Hearing. Such request for exclusion must be addressed to the Claims Administrator, Complete Claims Solutions, LLC, <u>In re BUCA Securities Litigation, P.O. Box 24632, West Palm Beach, FL 33416</u> in an envelope marked "Request for Exclusion" and received or postmarked on or before <u>September 8, 2008</u>; must refer to the action <u>In re BUCA, Inc. Securities Litigation</u>, Civil Action No. 05-1762 DWF/AJB; must include a statement that the Class Member wishes to be excluded from participation in the Proposed Settlement; and must provide the quantity (i.e., the number of

shares) of BUCA common stock purchased during the Class Period, and the dates of such purchases.

12.  A hearing will be held by this Court in the Courtroom of The Honorable Donovan W. Frank, United States District Court for the District of Minnesota, Courtroom 2, 7th Floor, Warren E. Burger United States Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101, at <u>2:00 p.m.</u> on <u>October 15, 2008</u> ("Settlement Hearing"), to determine: (a) whether the Proposed Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class; (b) whether an Order For Final Judgment should be entered in substance materially the same as Exhibit B to the Stipulation of Settlement; (c) whether the Lead Plaintiffs' proposed plan of distribution of the settlement proceeds as described in the Notice of Settlement Hearing ("Plan of Distribution") should be approved as fair and reasonable to the Class; and (d) whether to approve the application of Class Counsel for an award of attorney fees, costs, and expenses ("Fee and Expense Petition"). The Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

13.  Prior to the Settlement Hearing, Class Counsel shall cause an affidavit to be filed with the Court certifying that the Notice of Settlement Hearing has been provided and the Summary Notice has been published as directed in Paragraphs 5, 6, 7, and 8 of this Order.

14.  Any Class Member who wishes to object to the Proposed Settlement, the Plan of Distribution, and/or the Fee and Expense Petition, or to appear at the Settlement Hearing and show cause, if any, why the same should not be approved as fair, reasonable, adequate, and in the best interests of the Class, or why a final judgment should not be entered thereon, must serve and submit a written notice of intention to appear and written objections in the form and manner required by the Notice of Settlement Hearing. Such notice of intention to appear and objections

must be sent by first-class mail, postmarked not later than September 8, 2008 to the counsel described below; must refer to the action In re BUCA, Inc. Securities Litigation, Civil Action No. 05-1762 DWF/AJB; must provide, with respect to each transaction in BUCA common stock made by such person during the Class Period, a statement setting forth the date, type of transaction, price, and quantity (i.e., number of shares) of BUCA common stock involved; must provide a detailed statement of such person's specific objections to any matter before the Court and the grounds therefor; and must include all documents and other writings such person wishes the Court to consider.

>Herbert E. Milstein
>Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
>1100 New York Avenue., N.W.
>Suite 500, West Tower
>Washington, D.C.
>Class Counsel

>Wendy J. Wildung
>Faegre & Benson LLP
>2200 Wells Fargo Center
>90 South Seventh Street
>Minneapolis, MN  55402-3901
>Attorney for BUCA, Inc.

15. No person shall be entitled to object to the Proposed Settlement, to the final judgment to be entered in this Action, to any plan of distribution of the settlement proceeds, to any award of attorney fees, costs, and expenses to Class Counsel, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date, required by the Notice of Settlement Hearing. Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding.

16. Having reviewed the proposed Proof of Claim and Release ("Proof of Claim") submitted by the parties as Exhibit A-4 to the Stipulation of Settlement, the Court hereby approves such Proof of Claim and directs that Class Counsel shall mail, or cause to be mailed, such Proof of Claim at the same time, in the same manner, and to the same persons, as provided in Paragraph 5, 6, and 7 with respect to the Notice of Settlement Hearing.

17. In order to share in any proceeds resulting from the settlement of this Action, Class Members must submit a Proof of Claim in the manner provided therein by no later than <u>November 14, 2008</u>.  A Proof of Claim submitted by mail shall be deemed to have been submitted when postmarked, if mailed by first-class mail, registered mail, or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim.  All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by Complete Claims Solutions, LLC.  Late claims may be denied as untimely.

18. Upon the entry of final judgment after the Settlement Hearing, all Class Members, whether or not they have filed a Proof of Claim within the time provided, shall be barred from asserting any claims (except through the Proof of Claim procedures) against any of the defendants arising from the Settled Claims (as defined in Paragraph V(A)(21) of the Stipulation of Settlement), and all Class Members shall be conclusively deemed to have released any and all such claims.

19. Upon the entry of final judgment after the Settlement Hearing, and upon the Effective Date of the final judgment contemplated by Paragraph V(A)(14) of the Stipulation of Settlement, which will occur on the date upon which the judgment in this Action becomes not subject to further appeal or review, only persons who are Class Members shall have rights in the

distribution of the Settlement Fund created by the Proposed Settlement, except as provided in the Stipulation.

20.     The Court reserves the right to adjourn or continue the Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Settlement Hearing or at any later hearing.

Date:  May 28, 2008            s/Donovan W. Frank
                               DONOVAN W. FRANK
                               Judge of United States District Court