UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

In re BUCA, INC. SECURITIES
LITIGATION

Civil Action No. 05-1762 DWF/AJB

---

**<u>ORDER FOR FINAL JUDGMENT</u>**

**WHEREAS**, the parties to the above-described class action (the "Action")

entered into a Stipulation of Settlement dated as of March 20, 2008 (the "Settlement"); and

**WHEREAS,** on May 29, 2008, the Court entered an Order Preliminarily

Approving Settlement, which, <u>inter alia</u>:  (i) preliminarily approved the Settlement;

(ii) determined that, for purposes of the Settlement only, the Action should proceed as a class

action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on

behalf of a class consisting of all persons, including BUCA employees, who purchased any

common stock of BUCA, Inc. ("BUCA") during the period beginning February 6, 2001

through March 11, 2005, inclusive, except the defendants, John Motschenbacher, and

Daniel P. Skrypek; any member of the immediate family of any individual defendant, John

Motschenbacher, or Daniel P. Skrypek; any entity in which any defendant, John

Motschenbacher, or Daniel P. Skrypek has a controlling interest; and any legal

representative, heir, controlling person, successor, predecessor in interest or assign of any

defendant, John Motschenbacher, or Daniel P. Skrypek ("Class"); (iii) approved the forms of

notice of the Settlement to members of the Class ("Class Members") and to federal and state

officials; (iv) directed that appropriate notice of the Settlement be given to the Class and to federal and state officials; and (v) set a hearing date for final approval of the Settlement; and

**WHEREAS,** notice of the Settlement was mailed or otherwise transmitted to Class Members on or before June 18, 2008, and a summary notice of the Settlement was published in <u>Investors Business Daily</u> on June 28 2008; and

**WHEREAS,** notice of the Settlement was mailed to federal officials and state officials as described in 28 U.S.C. §1715; and

**WHEREAS,** on October 15, 2008, at 2:00 p.m., at the United States District Court for the District of Minnesota, 180 East Fifth Street, St. Paul, Minnesota 55101, The Honorable Donovan W. Frank held a hearing on whether the Settlement was fair, reasonable, adequate, and in the best interests of the Class ("Settlement Hearing"); and

**WHEREAS,** based on the foregoing, having heard the statements of counsel for the parties and of such persons as chose to appear at the Settlement Hearing, having considered all of the files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A.      This Court has jurisdiction over the subject matter of the Action.

B.      The form, content, and method of dissemination of the notice given to the Class, including both published notice and individual notice to all Class Members who could be identified through reasonable effort, was adequate and reasonable, and constituted the best notice practicable under the circumstances.

C.      The notice to the Class, as given, complied with the requirements of 15 U.S.C. §78u-4(a)(7) and of Rule 23 of the Federal Rules of Civil Procedure, satisfied the

requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

D.      The notice to federal officials and state officials, as given, complied with 28 U.S.C. §1715.

E.      The Settlement set forth in the Stipulation of Settlement is fair, reasonable, adequate, and in the best interests of the Class.

F.      The plan of distribution described in the notice to Class Members is fair and reasonable.

G.      The Lead Plaintiffs have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

H.      The Lead Plaintiffs and the Class Members, and all and each of them, are hereby bound by the terms of the Settlement set forth in the Stipulation of Settlement.

I.      The provisions of the Stipulation of Settlement, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

J.      All parties and counsel appearing herein have complied with their obligations under Rule 11(b) of the Federal Rules of Civil Procedure.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1.      The Settlement set forth in the Stipulation of Settlement is fair, reasonable, adequate, and in the best interests of the Class, and it shall be consummated in accordance with the terms and provisions of the Stipulation of Settlement.

2.      Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any party.

3.      The Lead Plaintiffs and all Class Members are hereby conclusively deemed to have released BUCA, Inc., Joseph P. Micatrotto, Greg A. Gadel, and Pete Mihaljov, all and each of them, and all and each of their respective past and present parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in interest of any of them, and all of their respective past and present officers, directors, employees, agents, partners, representatives, spouses, heirs, executors, administrators, attorneys, and assigns (collectively the "Settling Defendants"), and the Insurers for the Settling Defendants, with respect to any and all claims, actions, causes of action, rights or liabilities, whether arising out of state or federal law, including Unknown Claims, which exist or may exist against any of the Settling Defendants or the Insurers by reason of any matter, event, cause or thing whatsoever arising out of, relating to, or in any way connected with: (a) the purchase or sale of any BUCA Securities during the Class Period; and (b) any facts, circumstances, transactions, events, occurrences, acts, omissions or failures to act that were alleged in the Action and that relate to a Class Member's decision to purchase, sell, or hold BUCA Securities (all of the above are "Settled Claims").

4.      The Lead Plaintiffs and all Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting, either directly, representatively, or in any other capacity, any and all claims which they or any of them had or may have against the Settling Defendants, the Insurers, or any of them, arising out of, based upon, or otherwise related to the Settled Claims.

5.      The Settling Defendants are hereby conclusively deemed to have released the Lead Plaintiffs and Class Counsel, and all and each of their respective past and present officers, directors, employees, agents, partners, representatives, spouses, heirs,

executors, administrators, insurers, attorneys, and assigns, of and from any and all claims, actions, causes of action, rights or liabilities, whether arising out of state or federal law, including Unknown Claims, relating to the institution, prosecution, or settlement of this Action, except for proceedings to enforce the Settlement (all of the foregoing are "Claims Released By Settling Defendants").

6.     The Settling Defendants are hereby barred and permanently enjoined from instituting, asserting, or prosecuting, either directly, representatively, or in any other capacity, any and all of the Claims Being Released By Settling Defendants against the Lead Plaintiffs or Class Counsel.

7.     The plan of distribution of the Settlement Fund as described in the notice to Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Class.  Any order or proceedings relating to the plan of distribution or amendments thereto shall not operate to terminate or cancel the Stipulation of Settlement or affect the finality of this Order approving the Stipulation of Settlement.

8.     The Court hereby decrees that neither the Stipulation of Settlement nor this Final Judgment nor the fact of the Settlement is an admission or concession by any Settling Defendant of any liability or wrongdoing.  This Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Neither the Stipulation of Settlement nor this Final Judgment nor the fact of Settlement nor the settlement proceedings nor the settlement negotiations nor any related documents shall be offered or received in evidence as an admission, concession, presumption or inference

against any Settling Defendant in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Stipulation of Settlement.

9.      The parties to the Stipulation of Settlement, their agents, employees, and attorneys, shall not be liable for anything done or omitted in connection with these proceedings, the entry of this Final Judgment, or the administration of the payments to Authorized Claimants as provided in the Stipulation of Settlement and this Order, except for their own willful misconduct.

10.      Class Counsel are awarded attorneys' fees in the amount of $400,000 plus accrued interest, and reimbursement of expenses, including experts' fees and expenses, in the amount of $86,111.13, such amounts to be paid from out of the Settlement Fund.

11.      The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distribution to Authorized Claimants under the terms and conditions of the Stipulation of Settlement and pursuant to further orders of this Court; (b) disposition of the Settlement Fund under the terms and conditions of the Stipulation of Settlement; (c) the Action, until (i) the Effective Date contemplated by Paragraph V(A)(14) of the Stipulation of Settlement, which will occur on the date upon which the judgment entered pursuant to this Order becomes final and not subject to further appeal or review, and (ii) each and every act agreed to be performed by the parties shall have been performed pursuant to the terms and conditions of the Stipulation of Settlement, including the exhibits appended thereto; and (d) all parties, for the purpose of enforcing and administering the Stipulation of Settlement and this Settlement.

- 6 -

12.     There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

13.     In the event that this judgment does not become Final in accordance with Paragraph V(A)(14) of the Stipulation of Settlement, then the final judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation of Settlement, and this Order For Final Judgment shall be vacated.  In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void, except to the extent provided by and in accordance with the Stipulation of Settlement.  In such event, the Action shall return to its status prior to execution of the Stipulation of Settlement, and the final judgment entered in this Action on August 31, 2007 will be reinstated *nunc pro tunc*.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:   <u>October 15, 2008</u>
        St. Paul, Minnesota


                        <u>s/Donovan W. Frank</u>
                        Donovan W. Frank
                        United States District Judge